1
2
3
4
5
6
7
8

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF CALIFORNIA

9
10
11
12
13

BRIAN S. SEEFELDT,                      )
                        Plaintiff,       )         CASE NO.     CIV S-08-00928 BJR
                                         )
        v.                               )
                                         )         ORDER
SOLANO COUNTY CUSTODY                    )
DIVISION, et al.                         )
                        Defendants.      )
_____

14
15
16
17
18
19
20
21
22
23
24
25

        Plaintiff is a state prisoner proceeding *pro se*. Plaintiff seeks relief pursuant to 42 U.S.C.

§ 1983 and has requested leave to proceed *in forma pauperis* pursuant to 28 U.S.C § 1915.

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).

Accordingly, the request to proceed *in forma pauperis* will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§

1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in

accordance with the provisions of 28 U.S.C. 1915(b)(1). By separate order, the court will direct

the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments

of twenty percent of the preceding month's income credited to plaintiff's trust account. These

payments will be forwarded by the appropriate agency to the Clerk of the Court each time the

1

amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A. The court must accept as true the allegations of the amended complaint, *Hospital Bldg. v. Rex Hospital Trustees*, 425 U.S. 738, 740 (1976), construe the pleadings in the light most favourable to plaintiff, and resolve all doubts in plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421-22 (1969). Federal Rule of Civil Procedure 8(a) requires only "sufficient allegations to put defendants fairly on notice of the claims against them." *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

Plaintiff alleges deliberate indifference to his serious medical needs based on defendants' alleged failure to treat, and delay treatment for, injuries to his back. Specifically, plaintiff alleges that upon his arrival at Solano County Jail he fell three stories and broke his back. Despite repeated efforts to obtain treatment, plaintiff contends that he was not afforded adequate medical care and/or pain management and was not sent to a back specialist until sometime in April, 2009.

The Second Amended Complaint states a colorable claim for relief against defendants California Forensic Medical Group, the Solano County Sheriff,[1] Dr. R. Kadavari, K. Garcia, RN Karina Purcell, Tom Norris, LVN Carmenaita, LVN Manny, LVN Melissa, Sergeant Campbell, Sergeant J. Gonzales, and Correctional Officer Davis pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A.

---

[1] Plaintiff named the Solano County Custody Division as a defendant; good cause appearing, service of process on the Solano County Sheriff will be ordered as plaintiff is presently in the Sheriff's custody.

The Second Amended Complaint states no specific allegations against defendant RN James Lewis, Sergeant Cameron, and Sergeant Wolenboyski. 42 U.S.C. § 1983 requires that there be an actual connection or link between the actions of defendants and the deprivation alleged to have been suffered by plaintiff. *See Monell v. Department of Social Servs.*, 436 U.S. 658 (1978). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of §1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an action which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Because plaintiff has failed to sufficiently link the foregoing defendants to the alleged deprivations, the claims against these defendants are dismissed.[2]

Plaintiff has filed several requests for "postponement" and/or to stay all proceedings in this case.[3] However, the court notes that these requests were rendered moot by the Motion to Lift Stay filed by plaintiff on August 19, 2009. Therefore the motions to postpone and/or stay the proceedings will be stricken and the court hereby denies the Motion to Lift Stay as this case was never formally stayed.

On December 5, 2008 plaintiff filed a document styled "Request to be moved to Federal Custody" and on July 7, 2009, he filed a document styled "Motion to be moved to Federal Custody to protect life and limb." Plaintiff states he has been in protective custody for his own

---

[2] The court cannot refer to a prior pleading in order to make plaintiff's Second Amended Complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

[3] The requests were filed on October 10, 2008, December 15, 2008, April 13, 2009 and May 26, 2009.

safety and cannot be released into the Solano County system without endangering his life. Plaintiff requests that this court place him into federal custody after he is sentenced.

The court's own records reveal that these motions were also filed on December 5, 2008 and July 7, 2009 in *Seefeldt v. California Department of Corrections*, Case No. 2:08-cv-0232 JFM (Dkt. No. 37.) [4]  It was also filed on July 7, 2009 in *Seefeldt v. California Forensic Medical Group*, Case No. 2:08-cv-3123 JFM (Dkt. No. 32.) In 2:08-cv-0232 JFM, the court inquired whether plaintiff was represented by counsel in the state court criminal action; plaintiff confirmed that he was being represented by counsel. (Dkt. No. 43.) Moreover, counsel for defendants in 2:08-cv-0232 JFM made a special appearance and advised the court that:

> Upon adjudication of the above charges, (a) if Plaintiff is incarcerated again, the incarcerating institution will be advised of his prior testimony and need for protective placement; or (b) if Plaintiff is acquitted, Plaintiff will most likely not be returned to the California Witness Protection Program unless he can show that his life is in danger, as he did in the fall of 2006.

(December 15, 2008 Response at 3. [2:08-cv-0232 JFM])

On January 14, 2009, the court in the above-referenced cases denied plaintiff's motion, stating:

> At this stage, plaintiff has not been convicted of the criminal charges currently pending against him. Moreover, federal court interference in ongoing state criminal proceedings is strongly disfavored, particularly where the state criminal proceedings afford the defendant an opportunity to raise claims that implicate federal constitutional concerns. *See Younger v. Harris*, 401 U.S. 37 (1971). The question of plaintiff's safety and security is a matter in the first instance for the state court judge should the pending criminal proceedings result in an outcome that raises the possibility of committing plaintiff to the state prison system. For the foregoing reasons, plaintiff's December 5, 2008 motion will be denied without prejudice.

---

[4] A court may take judicial notice of court records. *See MGIC Indem. Co. v. Weisman*, 803 F.2d 500, 505 (9th Cir. 1986); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

(January 14, 2009 Order at 3 [2:08-cv-0232 JFM].)

Plaintiff's circumstances have not changed; he has not yet been sentenced. As previously ordered, the question of plaintiff's safety and security is a matter for the state court judge should the pending criminal proceedings result in an outcome that raises the possibility of committing plaintiff to the state prison system. This instant action is unrelated to the state court criminal action and is not the proper venue for such a motion. Therefore, plaintiff's motion will be denied without prejudice.

In addition, the court notes that in 2:08-cv-3123 JFM, plaintiff alleges § 1983 claims against many of the same defendants named in the present action. Specifically, he alleges deliberate indifference to his serious medical needs based on defendants' alleged failure to treat and/or delay treatment for an acoustic neuroma he has in his right internal auditory canal. This court cautions plaintiff against filing duplicative cases with substantially similar allegations. Accordingly, this court will not address allegations involving treatment for the acoustic neuroma and, instead, this case is limited to allegations relating to defendants' alleged failure to treat and/or delay treatment for plaintiff's back injury.

Plaintiff also has filed a series of motions seeking medical records, for the court to issue a subpoena for document production, requesting a court order to allow plaintiff to perform legal work with another inmate, and complaining that while he was recovering from surgery someone went through his legal mail, read it, and misplaced or took certain items from his legal materials. Plaintiff also seeks a court order enabling him to attend a court hearing.[5] These motions are premature as the court had not yet screened the Second Amended Complaint pursuant to 28

---

[5] Each of these motions post-dates plaintiff's October 10, 2008 request to postpone his case due to his need to recovery from surgery.

5

U.S.C. § 1915A, nor have the defendants been served and filed a response to the allegations. Accordingly, plaintiff's motions will be denied without prejudice. The Clerk of the Court will be directed to send plaintiff a copy of the court's docket sheet which should assist plaintiff in reorganizing his legal materials.

Plaintiff also filed a document styled "Declaration of Indigency and Request Motion: For Appointment of Counsel." There is no constitutional right to appointment of counsel in section 1983 cases. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). Appointment of counsel pursuant to section 1915(d) is at the court's discretion and requires a finding of exceptional circumstances. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.' Neither of these factors is dispositive and both must be viewed together before reaching a decision." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (citations omitted). Plaintiff has demonstrated sufficient writing ability and legal knowledge to articulate his claims. The facts he alleges and the issues he raises are not of substantial complexity. As such, the court is not persuaded that appointing counsel for plaintiff is appropriate at this time. However, given that this case is still in its infancy stage—the defendants have not been served nor responded to the allegations—the court will dismiss plaintiff's request for counsel without prejudice.

In accordance with the above, IT IS HEREBY ORDERED that:

    1. Plaintiff's request for leave to proceed *in forma pauperis* is granted.

    2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Sheriff of Solano County filed concurrently herewith.

3. Service is appropriate for the following defendants: the Solano County Sheriff, Dr. Kadavari, RN Karina Purcell, Tom Norris, K. Garcia, LVN Carmenaita, LVN Manny, LVN Melissa, Sergeant Campbell, Sergeant J. Gonzales, and Correctional Officer Davis.

4. The Clerk of Court shall send plaintiff eleven USM-285 forms, one summons, an instruction sheet and a copy of the Second Amended Complaint filed August 19, 2009.

5. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the court:

a. The complete Notice of Submission of Documents;

b. One completed summons;

c. One completed USM-285 form for each defendant listed in number 3 above; and

d. Six copies of the endorsed Second Amended Complaint filed August 19, 2009.

6. Plaintiff need not attempt service on defendants and need not request waiver of service. Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

7. Plaintiff's June 25, 2008, December 5, 2008, August 5, 2008, January 1, 2009, May 26, 2009, and July 7, 2009 motions (Dkt. Nos. 8, 9, 12, 13, 17, 22, 23 and 24) are denied without prejudice, and

8. Plaintiff's October 10, 2008, December 15, 2008, April 13, 2009 and May 26, 2009 motions (Dkt. Nos. 10, 14, 19 and 21) are stricken as moot;

9. Plaintiff's August 19, 2009 motion (Dkt. No. 25) is denied.

DATED this 19th day of October, 2009.

/s/Barbara Jacobs Rothstein

Barbara Jacobs Rothstein
U.S. District Court Judge

8